IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SVETLIN TCHAKAROV AND POPOVA ROSSITZA, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | Civil Action No. 3:20-CV-2769-D |
| ALLSTATE INDEMNITY COMPANY, | § § § § | |
| Defendant. | § § | |

MEMORANDUM OPINION
AND ORDER

In this removed action arising from an insurance coverage dispute, plaintiffs Svetlin Tchakarov and Popova Rossitza sue defendant Allstate Indemnity Company ("Allstate") to recover on contractual and extracontractual theories arising from Allstate's denial of plaintiffs' claim for wind and hail damage to the roof of their property. Allstate moves for summary judgment. Because plaintiffs have not provided evidence that would allow a jury to reasonably apportion the harm from the covered and non-covered causes of loss, the court grants Allstate's summary judgment motion as to all of plaintiffs' claims except their common law fraud claim. And it raises *sua sponte* that plaintiffs' common law fraud claim should be dismissed and affords plaintiffs an opportunity to oppose dismissal of that claim.[1]

_____

[1]Also pending is Allstate's motion to exclude the testimony of plaintiffs' experts. Because the court holds that Allstate is entitled to summary judgment even when considering the relevant expert testimony, the motion to exclude is denied without prejudice as moot.

I

At issue is an Allstate landlord home insurance policy, Policy Number 844218524 ("the Policy"), covering plaintiffs' rental property located on Nottingham Court in Rowlett, Texas ("the Property").[2]  The Policy was in effect starting on May 24, 2018.  It excluded from coverage ordinary wear and tear, aging, and other similar causes of harm.  The Policy also limited coverage for interior damage to the Property due to wind and hail:

> Losses We Cover Under Coverage C:
>
> . . .
>
> 2. Windstorm or hail.
>
> We do not cover loss to covered property inside a building structure caused by rain, snow, sleet, sand or dust unless direct force of the wind or hail first makes an opening in the roof or walls and the wind forces rain, snow sleet, sand or dust through this opening to cause the damage.

D. App. at 26 (bold font omitted).

It is undisputed that the Policy does not cover ordinary wear and tear, and the parties do not dispute that wind and hail damage is covered, except to the extent that the Policy explicitly limits coverage.

At the inception of the Policy, Allstate advised plaintiffs that their roof was in poor condition and needed to be fixed within 45 days or Allstate could no longer continue to insure the Property.  Plaintiffs did not replace the roof—instead, on July 23, 2018 they filed

---

[2]The court recounts the evidence in the light most favorable to plaintiffs, as the summary judgment nonmovants, and draws all reasonable inferences in their favor. *See Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000).

a claim for wind and hail damage to the roof.  Allstate inspected the Property and determined that there was no storm damage.  Allstate determined that the only damage was non-covered, pre-existing damage that at the inception of the Policy it had advised plaintiffs needed to be repaired.

Plaintiffs then contacted Allstate and asked it to change the date of loss on their claim from July 3, 2018 to April 6, 2018 (before the Policy's inception), and they clarified that the cause of damage was hail, not wind.  Plaintiffs' contractor also submitted documentation stating that April 6, 2018 was the date of loss.

On August 17, 2018 Allstate canceled plaintiffs' Policy because the pre-existing damage to the roof had not been repaired within 45 days of the Policy's inception.  Plaintiffs then filed a second claim for the same damage with a date of loss of July 12, 2018.[3]  On November 8, 2018 Allstate notified plaintiffs that their second claim also would not be covered because Allstate had determined that the damage was not due to wind and hail.

In July 2020 plaintiffs filed this suit in Texas state court.  They assert claims for breach of contract, violations of the Texas Insurance Code, Tex. Ins. Code Ann. §§ 541-542 (West 2009 & Supp. 2020), violations of the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), Tex. Bus & Com. Code Ann. §§ 17.41-17.63 (West 2021), breach of the common law duty of good faith and fair dealing, and common law fraud.

---

[3]The first claim is associated with Claim No. 0510467004, and the second claim is associated with Claim No. 0521776336.  It is not clear from the record the exact date that plaintiffs filed the second claim.

After filing suit, plaintiffs retained William Lee Worsham, P.E. ("Worsham"), a coastal engineer, to conduct an inspection of the Property.  On March 8, 2021 Worsham inspected the roof and determined that it had been damaged by hail on April 6, 2018 and July 12, 2018.  He also found that interior damage to the ceiling and attic was due to the penetration of water through the roof system.  Worsham determined that the date of loss was likely July 12, 2018 because plaintiffs "were 'confident' July 12, 2018 was the appropriate claim date."  D. App. at 127.  Worsham opined that the damage was significant enough to render spot repairs infeasible and that the roof should be replaced.

Allstate removed the case to this court based on diversity of citizenship.  It now moves for summary judgment, contending, *inter alia*, that it is entitled to summary judgment based on the doctrine of concurrent causation.  Plaintiffs oppose the motion.  The court is deciding the motion on the briefs, without oral argument.

## II

Allstate moves for summary judgment on some claims for which plaintiffs will bear the burden of proof at trial, and one affirmative defense for which Allstate will bear the burden.

When a party moves for summary judgment on claims as to which the opposing parties will bear the burden of proof at trial, the moving party can obtain summary judgment by pointing the court to the absence of evidence on any essential element of the nonmovants' claims.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once the movant does so, the opposing parties must go beyond their pleadings and designate specific facts

- 4 -

demonstrating that there is a genuine issue for trial.  *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).  An issue is genuine if the evidence is such that a reasonable jury could return a verdict in the opposing parties' favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The opposing parties' failure to produce proof as to any essential element of a claim renders all other facts immaterial.  *See TruGreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.).  Summary judgment is mandatory where the nonmovants fail to meet this burden.  *Little*, 37 F.3d at 1076.

For claims on which the moving party will bear the burden of proof at trial, to be entitled to summary judgment the movant "must establish 'beyond peradventure all of the essential elements of the claim[.]'"  *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)).  This means that the movant must demonstrate that there are no genuine and material fact disputes and that it is entitled to summary judgment as a matter of law.  *See Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). "The court has noted that the 'beyond peradventure' standard is 'heavy.'"  *Carolina Cas. Ins. Co. v. Sowell*, 603 F.Supp.2d 914, 923-24 (N.D. Tex. 2009) (Fitzwater, C.J.) (quoting *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007) (Fitzwater, J.)).

III

The court turns first to Allstate's contention that plaintiffs' breach of contract claim and their extracontractual claims are barred by the contractual limitations period. Because Allstate will have the burden of proof at trial concerning this affirmative defense, it must establish beyond peradventure that the relevant limitations provision bars plaintiffs' causes of action.

A

The relevant limitations provision, captioned "Action Against Us," provides: "[n]o one can bring an action against [Allstate] . . . unless: a) there has been full compliance with all policy terms; and b) the action is commenced within two years and one day after the inception of loss or damage." D. App. at 33-34. Allstate contends that, because plaintiffs allege July 3, 2018[4] as the date of loss in their petition,[5] and they filed this suit on July 6, 2020, their claims are barred by the contractual limitations period. Plaintiffs do not directly respond to this argument, but they now aver that the date of loss is July 12, 2018.

Although the court recognizes that the date of loss is contested, "[f]actual assertions

_____

[4]At some points in its briefing Allstate erroneously refers to a *June* 2018 date of loss. Allstate also states in its brief that plaintiffs pleaded that the date of loss was *June* 3, 2018 and that plaintiffs filed suit on *June* 6, 2020. *See* Ds. Br. at 22. But plaintiffs allege in their petition that *July* 3, 2018 is the date of loss, and they filed their petition on *July* 6, 2020. *See* Ps. Pet. at ¶ 11. Allstate's errors do not affect the court's reasoning or its summary judgment decision.

[5]As noted, this case was removed from state court, and plaintiffs' operative pleading is their state-court "petition."

in pleadings are judicial admissions conclusively binding on the party that made them."
*Morales v. Dep't of Army*, 947 F.2d 766, 769 (5th Cir. 1991) (quoting *Davis v. A.G. Edwards & Sons, Inc.*, 823 F.2d 105, 107 (5th Cir.1987)).[6] Thus, for purposes of the limitation period, the court concludes that plaintiffs are bound by their allegation that the date of loss is July 3, 2018.  The question for the court therefore becomes whether the contractual limitations clause is valid and thus bars plaintiffs' claims.

B

As a general rule, the statute of limitations for a breach of contract action is four years from the day the cause of action accrues.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.051 (West 2015).  But, within certain bounds, Texas law permits a contractual limitation of the time for bringing suit on a contract.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.070(a) (West 2015).  A contract cannot, however, "limit the time in which to bring suit on the stipulation, contract, or agreement to a period shorter than two years.  A stipulation, contract, or agreement that establishes a limitations period that is shorter than two years is void in this state."  Tex. Bus. & Com. Code Ann. § 16.070(a).  "[T]he plain language of section 16.070(a) establishes a two-year minimum for the 'limitations period,' which by its general meaning has as its beginning point the accrual of a cause of action."  *Spicewood Summit Off. Condominiums Ass'n v. Am. First Lloyd's Ins. Co.*, 287 S.W.3d 461, 465 (Tex. App. 2009,

---

[6]The court recognizes that an admission made in a superseded pleading is considered to lose its binding force and to have value only as an evidentiary admission.  *See White v. Arco/Polymers, Inc.*, 720 F.2d 1391, 1396 & n.5 (5th Cir. 1983).  Here, however, plaintiffs have never amended their petition.

pet. denied).  In other words, a contractual limitations period "cannot end until after two years after the day the cause of action for breach of the agreement has accrued," or else it is void.  *Id.*  In the case of insurance contracts, the cause of action usually accrues when the claimant is able to seek a judicial remedy because the insurance company has wrongfully denied coverage.  *See Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex. 1990) ("[A] cause of action generally accrues at the time when facts come into existence which authorize a claimant to seek a judicial remedy."); *see also Wetsel v. State Farm Lloyds Ins. Co.*, 2002 WL 1592665, at *2 (N.D. Tex. July 18, 2002) (Fitzwater, J.) (holding that "[plaintiff's] breach of contract action based on wrongful denial of coverage accrued on the date [the insurance company] denied coverage").

Here, the "Action Against Us" provision is void because it effectively limits plaintiffs' time in which to bring suit to shorter than two years.  Subsection (a) of the "Actions Against Us" provision requires that plaintiffs comply with all terms under the Policy.  These terms require, in pertinent part, that plaintiffs give Allstate prompt notice of the loss, cooperate with Allstate during its investigation, and provide Allstate a signed, sworn proof of loss within 91 days after the loss.  *See* D. App. at 31.  Under the terms of the Policy, Allstate is not required to notify plaintiffs of the claim settlement outcome until after the proof of loss is provided.  *Id.*  Thus plaintiffs' cause of action for breach of contract could not accrue until after the date of loss because Allstate could not breach the insurance agreement until it notified plaintiffs that it was denying their claim under the Policy.  Because plaintiffs' breach of contract claim could not accrue until after the date of loss, the "Action Against Us" provision in this case

had the effect of limiting the period in which plaintiffs could file suit to fewer than two years. The provision is therefore void under Texas state law, and plaintiffs' claims are governed by the relevant statutes of limitations.[7]

This holding is consistent with those of Texas state courts.  In *Spicewood Summit Office Condominiums* the Austin Court of Appeals examined a similar contractual limitations provision and held that it was void because it had "the practical effect of providing a period in which to file suit that is less than two years." *Spicewood Summit Off. Condominiums*, 287 S.W.3d at 466; *see also Gonzalez v. Meridian Sec. Ins. Co.*, 2021 WL 3190523, at *5-6 (E.D. Tex. July 28, 2021) (holding that clause requiring claims to be brought within "two years after the date of loss" was void in light of *Spicewood*).  Allstate contends that courts have upheld similar contractual limitation clauses.  The cases Allstate cites, however, all involved

---

[7]Allstate does not argue that plaintiffs' claims are barred under the governing statutes of limitations (it argues only that they are barred under the limitations period in the Policy). The court notes, however, that plaintiffs' contractual and extracontractual claims are not barred by the governing statutes of limitations.  Plaintiffs' claims are subject either to a two-year or four-year statute of limitations from the date the causes of action accrued.  *See Pretz v. Hartford Life Ins. Co.*, 2014 WL 12618072, at *2 (E.D. Tex. Dec. 11, 2014) (explaining that claims under chapter 541 of the Texas Insurance Code and the DTPA are governed by a two-year statute of limitations and that claims for breach of contract and common law fraud are governed by a four-year statute of limitations); *Hendrix v. Hartford Life Ins. Co.*, 2013 WL 979285, at *2 (N.D. Tex. Mar. 13, 2013) (Lynn, J.) (explaining that there is some disagreement over whether the statute of limitations period for prompt payment claims (under chapter 542 the Texas Insurance Code) is two or four years); *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003) (explaining that claims under the DTPA and claims for breach of the common law duty of good faith and fair dealing are subject to a two-year statute of limitations that accrues upon the denial of a claim under the insurance policy). Because Allstate denied plaintiffs' initial claim on August 3, 2018 and plaintiffs filed suit by July 6, 2020, their claims are not barred by the applicable two- or four-year statute of limitations.

contractual limitations clauses that required claims to be brought "within two years and one day after the cause of action accrues," not after the date of loss. *See, e.g., Nicol v. Allstate Tex. Lloyds*, 2015 WL 12552013, at *2 (S.D. Tex. Aug. 26, 2015). The cases Allstate cites are therefore factually inapposite.

Having held that the contractual limitation clause is void and does not bar plaintiffs' claims, the court next considers the other grounds on which Allstate moves for summary judgment.

IV

Allstate contends that it is entitled to summary judgment on plaintiffs' breach of contract claim because all of the damages to the roof are attributable to non-covered causes and, alternatively, even if some damages are attributable to covered causes, plaintiffs have not met their burden to segregate damages under the doctrine of concurrent causation.

A

Allstate contends that plaintiffs have not adduced sufficient evidence that the damage to the roof[8] is covered under the Policy because there is insufficient evidence to support the

───────────────

[8]At some points in the briefing Allstate discusses damage to the interior of plaintiffs' property as well as damage to the roof. It does not appear, however, that plaintiffs allege that Allstate denied a claim for water damage to the interior of the Property, *see* Ps. Pet. at ¶ 14, and plaintiffs did not indicate that they were filing a claim for interior damage in their initial claim under the Policy, D. App. at 53, 63.

Even if the court were to assume *arguendo* that plaintiffs allege a breach of contract claim based on Allstate's denial of benefits under the Policy for damage to the interior of the Property, Allstate is also entitled to summary judgment on this claim. As noted above, the Policy covers only interior damage due to rain when wind or hail first makes an "opening" and the water enters through that opening. Plaintiffs have not adduced evidence that such

finding that the damage occurred while the Policy was in effect.  Allstate also avers that the damage to the Property's roof was due to wear and tear—which is not covered by the Policy—not wind and hail.  Plaintiffs respond that they have adduced sufficient evidence to establish that the damage to the Property was most likely caused by a hailstorm on July 12, 2018—a covered cause and date when the Policy was in effect.

An insured cannot recover under an insurance policy unless it pleads and proves facts that show that its damages are covered by the policy.  *See Emp'rs Cas. Co. v. Block*, 744 S.W.2d 940, 944 (Tex. 1988), *overruled in part on other grounds by State Farm Fire & Cas. Co. v. Gandy*, 925 S.W.2d 696, 714 (Tex. 1996).  Allstate maintains that plaintiffs have not adduced evidence that the damage to the roof was covered by the Policy because Worsham's testimony establishes that the roof was damaged by multiple causes, including non-covered wear and tear and a hail storm that occurred outside when the Policy was in effect.

The court holds that plaintiffs have produced sufficient evidence to create a genuine fact issue regarding whether their claim is covered under the Policy.  They rely on the testimony of Worsham, their retained expert, who opines that the roof was most likely

---

an opening was created.  Worsham found no evidence that roof covering materials were displaced by the storm to allow water penetration.  *See* D. App. at 126.  And Worsham testified that the water penetration was likely due to granule displacement and debris buildup that allowed water to back up and penetrate the roof over time.  Worsham also testified that "[t]he April and July hail events were sources of granule displacement, and certainly not the only one[s] and not even likely to be a significant or the significant one . . . ."  D. App. at 106.  A reasonable jury therefore could not find that the interior damage to the Property was covered under the Policy.

- 11 -

damaged by hail on July 12, 2018.[9]  Worsham also states that he "observed and documented damaging hail strikes to [the] roof," and that the "hail damage to the roof was consistent with the hail size estimated by weather data sources."  D. App. at 126.  This evidence is sufficient to create a genuine issue of material fact.

B

The court now turns to the doctrine of concurrent causation.

Allstate posits that plaintiffs have not met their burden of segregating harm resulting from concurrent causes.  Although an insured who suffers damage from both covered and excluded perils is not precluded from recovering, "[w]hen covered and excluded perils combine to cause an injury, the insured must present some evidence affording the jury a reasonable basis on which to allocate the damage."  *Lyons v. Millers Cas. Ins. Co. of Tex.*, 866 S.W.2d 597, 601 (Tex. 1993).  Because an insured can only recover for covered events, the burden of segregating the damage attributable solely to the covered event is a coverage issue for which the insured carries the burden of proof.  *See Wallis v. United Servs. Auto. Ass'n*, 2 S.W.3d 300, 303 (Tex. App. 1999, pet. denied).  "It is essential that the insured produce evidence which will afford a reasonable basis for estimating the amount of damage or the proportionate part of damage caused by a risk covered by the insurance policy."  *Travelers Indem. Co. v. McKillip*, 469 S.W.2d 160, 163 (Tex. 1971).  "[F]ailure to segregate

---

[9]As noted, plaintiffs are bound by the allegation in their petition that the date of loss is July 3, 2018.  This does not change the concurrent causation analysis, however, because both July 3, 2018 and July 12, 2018 are dates that are covered by the Policy.

- 12 -

covered and noncovered perils is fatal to recovery." *Comsys Info. Tech. Servs., Inc. v. Twin City Fire Ins. Co.*, 130 S.W.3d 181, 198 (Tex. App. 2003, pet. denied); *see also Dall. Nat'l Ins. Co. v. Calitex Corp.*, 458 S.W.3d 210, 227 (Tex. App. 2015, no pet.) (holding there was no reasonable basis for estimating amount of damage caused by risk covered by the insurance policy).

In this case, there is evidence of concurrent causes, thus triggering plaintiffs' burden to provide proof that would enable a jury to reasonably apportion the resulting harm. According to Allstate, Worsham's testimony indicates that plaintiffs' roof was damaged by both covered and non-covered causes of loss. Worsham stated that some of the damage to the roof could have been caused by the storm on April 6, 2018 (the non-covered cause) and by the storm on July 12, 2018 (the covered cause). The court agrees that this is evidence of concurrent causes, thus triggering plaintiffs' burden to provide evidence that would enable a jury to reasonably apportion the resulting harm.

Plaintiffs have not met their burden. "Although [an insured] is not required to establish the amount of his damages with mathematical precision, there must be some reasonable basis upon which the jury's finding rests." *Wallis*, 2 S.W.3d at 304. Plaintiffs make the *ipse dixit* assertion in their response brief that they have provided a basis by which the jury could calculate the covered damages, but they do not explain what this method is. And the summary judgment record does not otherwise provide a method by which a jury could reasonably segregate the covered versus uncovered damage. In fact, Worsham, plaintiffs' own expert, testified that he did not attempt to quantify the damage caused by the

- 13 -

April 2018 storm, i.e. the non-covered cause, and the July 2018 storm, i.e. the covered cause. According to Worsham, "there was not a need to distinguish between the [damage caused by] the two [storms] because either of them would have ended in the repair that [he] recommended." D. App. at 103. Worsham also acknowledges that damage to the roof could have resulted from even earlier storms, but that he did not attempt to quantify the damage from those storms. *See* D. App. at 98-99, 102-103, 106.

Worsham's testimony indicates that there were multiple possible causes of damage to the roof—some covered by the Policy and others not.[10] Allstate is therefore entitled to

---

[10]Although the parties do not raise it in their briefs, the court notes that the Fifth Circuit recently certified to the Supreme Court of Texas, and that court accepted, questions related to the doctrine of concurrent causation. One of the certified questions is "[w]hether the concurrent cause doctrine applies where there is any non-covered damage, including 'wear and tear' to an insured property, but such damage does not directly cause the particular loss eventually experienced by the plaintiffs[?]" *Frymire Home Servs., Inc. v. Ohio Sec. Ins. Co.*, 12 F.4th 467, 472 (5th Cir. 2021), *certified questions accepted* (Sept. 10, 2021).

The court concludes that it need not await the Supreme Court of Texas' opinion in order to decide the instant summary judgment motion. Even if the Supreme Court of Texas were to answer this question in the way most favorable to plaintiffs in the instant case—by holding that non-covered damage that does not directly cause the particular loss does not trigger the concurrent causation doctrine—it would not change this court's analysis in this case. This is because, in the instant case, the non-covered cause did, in fact, cause the plaintiffs' particular loss. Worsham testified that either the non-covered April storm or the covered July storm would have caused damage requiring the roof to be replaced. D. App. at 103 ("[T]here was not a need to distinguish between the [damage caused by] the two [storms] because either of them would have ended in the repair that I recommended."). The present case is therefore factually distinguishable from cases like *Frymire*, in which the pre-existing condition of the roof, often due to wear and tear, may have contributed to the particular loss, but would not have caused the loss on its own. Instead, the facts of the instant case are more like situations that the Fifth Circuit recognizes would typically trigger the doctrine of concurrent causation. *See Frymire*, 12 F.4th at 471 n.3 ("The typical concurrent cause case, it seems to us, involves two simultaneous perils—say, water and wind from a hurricane—one of which is covered and one of which is not, rather than a singular covered

summary judgment based on the doctrine of concurrent causation.  This is so because, assuming *arguendo* that a jury found that the Property's roof was damaged by hail, the jury could not reasonably segregate the harm resulting from the covered and excluded causes of loss—in this case the hail storm after the Policy's effective date and the hail storms before the Policy's effective date.[11]  The jury would be unable to do anything more than speculate or assign an arbitrary amount of harm to covered and non-covered causes of loss.

The court therefore grants Allstate's motion for summary judgment with respect to plaintiffs' breach of contract claim.

V

The court next turns to plaintiffs' extracontractual claims.

A

Allstate contends that it is entitled to summary judgment on plaintiffs' extracontractual claims because, under Texas state law, plaintiffs cannot recover on these claims if they cannot show that Allstate breached the Policy.  Plaintiffs respond that have

---

peril on top of preexisting damage. . . .  But whether simply saying that the roof was not 100% perfect prior to the storm triggers the 'concurrent cause' world is another question entirely.")

[11]In plaintiffs' response brief, they state that the Property was covered during all of these dates and provide a copy of a different policy for homeowner insurance, not landlord insurance, Policy No. 838992545, with an effective date of January 31, 2018.  Plaintiffs adduce no evidence, however, that they ever filed a claim under this other policy for the damage to the roof.  They also do not mention this policy number in their original petition. The court therefore concludes that this other policy does not create a genuine issue of material fact regarding whether Allstate breached its contract by denying claims made under the Policy at issue in this case.

- 15 -

adduced evidence to support their extracontractual claims and that they need not present evidence that Allstate breached the Policy in order to recover under these claims.

Under Texas law, "[w]hen the issue of coverage is resolved in the insurer's favor, extra-contractual claims do not survive." *State Farm Lloyds v. Page*, 315 S.W.3d 525, 532 (Tex. 2010) (citing *Progressive Cnty. Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 921 (Tex. 2005) (per curiam)). This principle applies to alleged violations of the Texas Insurance Code, the DTPA, and the common law duty of good faith and fair dealing. *See USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 490 (Tex. 2018) ("The general rule is that an insured cannot recover policy benefits for an insurer's statutory violation if the insured does not have a right to those benefits under the policy."); *Hamilton Props. v. Am. Ins. Co.*, 643 Fed. Appx. 437, 442 (5th Cir. 2016) (per curium) (explaining that plaintiffs cannot prevail on "extra-contractual claims for violation of the Texas Deceptive Trade Practices Act, Sections 541 and 542 of the Texas Insurance Code, and the duty of good faith and fair dealing" absent a showing that an insurer breached its contract with the insured); *see also Meisenheimer v. Safeco Ins. Co. of Ind.*, 2018 WL 3869573, at *3-4 (N.D. Tex. Aug. 15, 2018) (Lynn, C.J.) (explaining that if the insurer did not breach its contract with the insured, the insured could not maintain extracontractual claims for breach of the duty of good faith and fair dealing or violations of the Texas Insurance Code and the DTPA without establishing an independent injury).

The exception to this general extracontractual claims rule is when the insurer commits an act, so extreme, that would cause injury independent of the policy claim. Under this

exception, plaintiffs may recover damages inflicted by a statutory violation "only if the damages are truly independent of the insured's right to receive policy benefits," and not "predicated on [the loss] being covered under the insurance policy." *Menchaca*, 545 S.W.3d at 499-500 (quoting *Boyd*, 177 S.W.3d at 920) (alteration in original); *see also In re State Farm Mut. Auto. Ins. Co.*, 2021 WL 1045651, at *4 (Tex. Mar. 19, 2021) ("In other words, to recover under an independent-injury theory, the insureds must establish that State Farm's statutory violations caused an injury apart from State Farm's failure to pay as much as the insureds believe they should have been paid under their [] policies.").

Plaintiffs allege that they suffered an independent injury because they have "been forced to appear for deposition, respond to discovery requests, allow multiple adjusters and experts access to inspect their Property, and engaged legal representatives to endeavor to obtain policy benefits improperly misrepresented and withheld by Defendant." Ps. Resp. at 15. The court holds that these claimed injuries are not independent of plaintiffs' claims for policy benefits, because these damages all flow from Allstate's denial of plaintiffs' claim under the Policy. *See Meisenheimer*, 2018 WL 3869573, at *4 (holding that plaintiffs' needing to hire a public adjuster and an attorney were not independent injuries from the denial of plaintiffs' claim for policy benefits). The court therefore holds that Allstate is entitled to summary judgment dismissing plaintiffs' extracontractual claims for violations of the Texas Insurance Code, the DTPA, and the common law duties of good faith and fair dealing.

B

Allstate does not specifically argue that it is entitled to summary judgment dismissing plaintiffs' fraud claim. And plaintiffs do not specifically refer to their fraud claim in their response brief. Instead, both parties refer to plaintiffs' extracontractual claims generally. The court therefore raises *sua sponte* that Allstate is entitled to summary judgment dismissing the common law fraud claim because plaintiffs have failed to adduce evidence that would permit a reasonable jury to find that Allstate committed common law fraud.

The court can raise a ground for summary judgment *sua sponte*, provided it affords the opposing party notice and a fair opportunity to respond. *See, e.g., Nunn v. State Farm Mut. Auto. Ins. Co.*, 729 F.Supp.2d 801, 810 (N.D. Tex. 2010) (Fitzwater, C.J.) (citing *Jackson v. Fed. Express Corp.*, 2006 WL 680471, at *9 (N.D. Tex. Mar. 14, 2006) (Fitzwater, J.)).

In Texas, the elements of common law fraud are:

> (1) a material representation was made; (2) it was false when made; (3) the speaker either knew it was false, or made it without knowledge of its truth; (4) the speaker made it with the intent that it should be acted upon; (5) the party acted in reliance; and (6) the party was injured as a result.

*Fluorine On Call, Ltd. v. Fluorogas Ltd.*, 380 F.3d 849, 858 (5th Cir. 2004) (citations omitted) (Texas law). In their petition, plaintiffs allege that Allstate misrepresented the amount and cause of damage to the Property. Plaintiffs have failed to adduce any evidence, however, that would enable a reasonable jury to find that these material, false representations

were made.  And even if the court assumes *arguendo* that a false representation was made, plaintiffs have not presented sufficient evidence for a reasonable jury to find that Allstate made any such statement knowingly or recklessly.  Thus the court concludes that plaintiffs have failed to present evidence that would enable a reasonable jury to find that Allstate committed common law fraud.

\*   \*   \*

Accordingly, Allstate's motion for summary judgment is granted in part.  No later than November 12, 2021 plaintiffs must file an opposition response, brief, and appendix that addresses the ground on which the court has raised summary judgment *sua sponte*.  *See supra* § V(B).  If plaintiffs make these filings, the court will decide whether to invite Allstate to file a reply brief.

**SO ORDERED**.

October 22, 2021.

SIDNEY A. FITZWATER
SENIOR JUDGE

- 19 -